# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

August 29, 2014 -

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 13-0984** (Nicholas County 13-F-7)

**Courtney J. Hamon,**
**Defendant Below, Petitioner**


## MEMORANDUM DECISION

Petitioner Courtney J. Hamon, by counsel Harley E. Stollings, Esq., appeals the order entered August 15, 2013, in the Circuit Court of Nicholas County, that suspended her sentence of one to ten years in prison for the felony offense of grand larceny and designated her as a youthful offender pursuant to the West Virginia Youthful Offender Act, West Virginia Code §§ 25-4-1 to 25-4-12. The circuit court placed petitioner in the Anthony Correctional Center for a period of not less than six months nor more than two years. The State, by counsel Derek A. Knopp, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Petitioner was arrested on June 15, 2012, and charged with three felony counts—breaking and entering, grand larceny, and conspiracy—related to an incident occurring on June 5, 2012. Petitioner was twenty-two years old at the time of the offense. The record indicates that petitioner was incarcerated upon arrest and did not post bail until December 21, 2012.

On December 26, 2012, less than a week after being released from incarceration, petitioner tested positive for a controlled substance. On January 8, 2013, the Nicholas County Grand Jury returned a true bill of indictment against petitioner charging her with three felony counts—breaking and entering, grand larceny, and conspiracy—for the June 5, 2012 incident. The next day, petitioner again tested positive for a controlled substance. Subsequently, the State of West Virginia filed a motion to revoke petitioner's bail due to her positive drugs screens, which violated the terms and conditions of her bail. The circuit court revoked petitioner's bail on January 23, 2013. On March 22, 2013, the circuit court reinstated petitioner's bail, and petitioner was released on the condition that she report to and comply with the terms and conditions of the

1

Nicholas County Day Report Center. However, on April 17, 2013, the circuit court again revoked petitioner's bail for her violation of the terms and conditions of the Nicholas County Day Report Center.

On June 5, 2013, petitioner pleaded guilty to one count of grand larceny in violation of West Virginia Code § 61-3-13. By order entered August 15, 2013, the circuit court sentenced petitioner to one to ten years in prison. However, the circuit court, over petitioner's objection, suspended that prison term and designated petitioner as a youthful offender pursuant to the West Virginia Youthful Offender Act.[1] The circuit court then ordered petitioner to the Anthony Correctional Center for a period of six months to two years. The circuit court also granted petitioner 312 days credit for time served. This appeal followed.

Petitioner first argues that the circuit court erred in sentencing her as a youthful offender. Petitioner avers that the circuit court's sentence violated her constitutional right to equal protection of law under the West Virginia and United States Constitution. W.Va. Const. art. III, § 10; U.S. Const. amend. IV. In support of this argument, petitioner explains that the statutory prison term imposed for the crime of grand larceny is one to ten years in prison. Petitioner argues that under her original sentence (prior to the circuit court designating her as a youthful offender) and given her credit for time served of 312 days, she could have been released in just fifty-three more days of incarceration. However, once the circuit court designated her as a youthful offender, she now must serve no less than six months or as much as a year and 238 days at the Anthony Correctional Center. Therefore, petitioner concludes that the circuit court effectively sentenced her to a longer period of incarceration than someone similarly situated but of a different age, and thereby violated her constitutional right to equal protection of the laws.

Our review of sentencing orders is governed by the following standard: "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James,* 227 W.Va. 407, 710 S.E.2d 98 (2011). However, '[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State*

---

[1] W. Va. Code §§ 25-4-1 to 25-4-12. W.Va. Code § 25-4-6 provides, in pertinent part:

> The circuit court may suspend the imposition of sentence of any young adult, as defined in this section, convicted of or pleading guilty to a felony offense, other than an offense punishable by life imprisonment, including, but not limited to, felony violations of the provisions of chapter seventeen-c of this code, who had attained his or her eighteenth birthday but had not reached his or her twenty-fourth birthday at the time the offense was committed for which the offender is being sentenced and commit the young adult to the custody of the West Virginia Commissioner of Corrections to be assigned to a center: *Provided,* That no person over the age of twenty-five may be committed pursuant to this section.

*v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater,* 222 W.Va. 499, 665 S.E.2d 674 (2008).

Here, it is uncontested that petitioner was eligible to be sentenced as a youthful offender given that she was between the ages of eighteen and twenty-four at the time of the commission of the offense; the offense was not punishable by life imprisonment; and at no time up to and including sentencing had petitioner attained the age of twenty-five. We have stated as follows:

> Just as a trial court's decision to grant or deny probation is subject to the discretion of the sentencing tribunal, so too is the decision whether to sentence an individual pursuant to the Youthful Offenders Act. The determinative language of West Virginia Code § 25–4–6 is stated indisputably in discretionary terms: "[T]he judge of any court . . . *may* suspend the imposition of sentence . . . and commit the young adult to the custody of the West Virginia commissioner of corrections to be assigned to a center." *Id.* (emphasis supplied). Since the dispositive statutory term is "may," there can be no question that the decision whether to invoke the provisions of the Youthful Offenders Act is within the sole discretion of the sentencing judge. See *State v. Allen*, 208 W.Va. 144, [157], 539 S.E.2d 87, [100] (1999) (recognizing that "[c]lassification of an individual as a youthful offender rests within the sound discretion of the circuit court"); accord *State v. Richards*, 206 W.Va. 573, 575, 526 S.E.2d 539, 541 (1999) (stating that Youthful Offenders Act "grants discretionary authority to the circuit courts to suspend imposition of sentence, and place a qualifying defendant in a program of rehabilitation at a youthful-offender center") (citation omitted).

*State v. Shaw*, 208 W.Va. 426, 430, 541 S.E.2d 21, 25 (2000) (Emphasis added).

Furthermore, to the extent petitioner argues that the circuit court based its decision upon any impermissible factor or that the sentence here is unconstitutional under the Youthful Offenders Act, we disagree. Petitioner's equal protection argument hinges on the presumption that she is entitled to release upon her parole eligibility date. This presumption is incorrect. We have explained on many occasions that:

> "[p]arole is not a right, and eligibility for parole does not guarantee the defendant's release from prison. *State v. Scott,* 214 W.Va. 1, 7, 585 S.E.2d 1, 7 (2003)." *See also State v. Lindsey,* 160 W.Va. 284, 291 233 S.E.2d 734 738–39 (1977) ("One convicted of a crime and sentenced to the penitentiary is never *entitled* to parole."); *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 536, 276 S.E.2d 205, 213 (1981)("[T]here is no automatic right to parole once the prisoner crosses the threshold of eligibility.")

*State v. Eilola,* 226 W.Va. 698, 703, 704 S.E.2d 698, 703 (2010) (Emphasis in original). Petitioner was not entitled to be released upon her parole eligibility date, and therefore, whether she would have spent less time incarcerated if she had not been sentenced as a youthful offender is entirely speculative. Therefore, we find no merit to petitioner's first assignment of error.

Petitioner's second and third assignments of error are cursory arguments that the circuit court erred by sentencing her as a youthful offender only after she had been incarcerated for more than six months unable to afford bail.[2] Petitioner cites no authority or portion of the record to support her argument. As we stated in *State of West Virginia, Department of Health and Human Resources, Child Advocate Office, on Behalf of Robert Michael B., Minor Child of Trudy Mae B. v. Robert Morris N.,* 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995), " '[a] skeletal "argument," really nothing more than an assertion, does not preserve a claim.... Judges are not like pigs, hunting for truffles buried in briefs.' "(quoting *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991)). *See State v. Lilly,* 194 W.Va. 595, 605, 461 S.E.2d 101 a 16, 194 W.Va. 595, 461 S.E.2d 101, 111 n. 16 (1995) (noting that "appellate courts frequently refuse to address issues that appellants ... fail to develop in their brief."); *Ohio Cellular RSA Ltd.P'ship v. Bd. of Pub. Works of W.Va.,* 198 W.Va. 416, 424, 481 S.E.2d 722 all, 198 W.Va. 416, 481 S.E.2d 722, 730 n. 11 (1996) (refusing to address issue on appeal that had not been adequately briefed).

Assuming, *arguendo*, this issue had been fully briefed, no error is apparent from the record. As we have explained, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater,* 222 W.Va. 499, 665 S.E.2d 674 (2008). Petitioner's sentence was within statutory limits and not based upon any impermissible factor. Therefore, we find no error with regard to petitioner's second and third assignments of error.

Lastly, petitioner lists a fourth assignment of error,[3] but on that issue, her brief is devoid of any discussion, provides no citations to authority, and is without any references to the record on appeal. This Court has previously stated that "issues . . . mentioned only in passing but are not supported with pertinent authority are not considered on appeal." *State v. LaRock,* 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (citations omitted). This Court declines to address this issue because it has not been sufficiently developed by petitioner.

For the foregoing reasons, we affirm.

Affirmed.

---

[2] Petitioner's second and third assignments of error are identical except the second alleges a constitutional equal protection violation while the third alleges an abuse of discretion by the circuit court in ordering this sentence.

[3] Petitioner's heading for her fourth assignment of error states that "[t]he circuit court erred in failing to grant petitioner bond during the time necessary to prosecute this appeal from the unconstitutional sentences complained of herein."

**ISSUED**: August 29, 2014

**CONCURRED IN BY**:
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II